PROST, Circuit Judge,
dissenting.
In this case, only two possible entities can provide the underlying direct infringement for 02 Micro International Ltd.’s (“02 Micro”) inducement claim against Beyond Innovation Technology Co., Ltd. (“Bi-TEK”): LG and Samsung. The majority relies solely on LG’s conduct in concluding *935 that BiTEK was liable for induced infringement. I respectfully dissent because I believe that 02 Micro failed to proffer sufficient evidence showing that LG sold an infringing product in the United States — meaning that LG cannot qualify as a direct infringer. Because I also believe that Samsung is not a direct infringer, I would vacate the district court’s injunction.
BiTEK argues that 02 Micro failed to proffer sufficient evidence showing that LG sold a device in the United States containing the BiTEK accused product. As a result, contends BiTEK, 02 Micro did not meet its burden of showing that LG directly infringed. The majority disagrees, finding that “02 Micro presented sufficient circumstantial evidence from which the district court could find that it was more likely than not that LG sold LCD monitors in the United States containing the accused BiTEK controllers.” Majority Op. at 10.
I conclude otherwise. The evidence in this case pertaining to LG is sparse. In particular, while 02 Micro purchased Samsung liquid crystal display (“LCD”) monitors domestically and introduced them into evidence, the same cannot be said for LG monitors. Moreover, 02 Micro did not submit any purchase orders, product literature, shipping contracts, or employee testimony suggesting that LG devices containing accused BiTEK products were sold in the United States (i.e., common forms of circumstantial evidence in patent cases). 02 Micro’s entire ease regarding LG’s direct infringement rests on four premises shown by the evidence: (1) accused Bi-TEK products were sold in the United States; (2) BiTEK knew that accused products entered the United States as part of LCD monitors; (3) LG sells LCD monitors containing the accused BiTEK products worldwide; and (4) the United States is the largest consumer market for LCD monitors worldwide. As the majority explains, the district court failed to specifically conclude from these four premises that LG sold an infringing product in the United States. Instead, the district court merely concluded that someone, either Samsung, LG, or both, sold an infringing product.
Notably, only one of these four premises even mentions LG, and that premise merely represents that LG sold LCD monitors containing the accused products somewhere in the world. As BiTEK argues, the LCD monitor market is a worldwide market with many players in addition to the United States. Moreover, LG is not BiTEK’s sole customer, and BiTEK is not LG’s sole supplier. Thus, the evidence in this case does nothing to preclude the possibility that the chips LG bought from BiTEK were incorporated into products never sold in the United States.
Indeed, a significant gap exists between the four evidentiary premises and the district court’s conclusion that someone, either Samsung, LG, or both, sold an infringing product in the United States. This gap can only be bridged with speculation. While the four premises may be adequate to raise the possibility that LG sold an infringing device in the United States, that possibility is entirely speculative, failing, as it does, to eliminate a multitude of other comparable possibilities. Therefore, I view the evidence in this case as insufficient to prove that LG “more likely than not” sold an infringing product domestically. I would also characterize the district court’s general infringement holding that 02 Micro proved by preponderant evidence that either Samsung, LG, or both, sold an infringing product in the United States as clearly erroneous to the extent that conclusion is aimed at LG. Given this lack of evidence regarding LG’s sales, I would conclude that LG cannot *936 qualify as an underlying direct infringer for 02 Micro’s inducement claim against BiTEK. Because I also believe that Samsung is not a direct infringer, a question not reached by the majority, I would vacate the district court’s injunction.